Case 6:25-cv-00055   Document 13   Filed on 12/16/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| LILA HEARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00055 |
| | § | |
| CITY OF PORT LAVACA, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Currently pending is Plaintiff Lila Heard's "Emergency Motion for Extension of Time to Effect Service and For Order Directing Clerk to Issue Alias Summons" (D.E. 11). Heard is proceeding *pro se*. In the motion, Heard seeks: (1) a 60-day extension to complete service on Defendant Richard A. Lewis under Federal Rule of Civil Procedure 4(m); (2) a 60-day stay of all other deadlines, including the entry of a scheduling order; and (3) an order directing the Clerk of Court to issue summons as to Defendant Richard A. Lewis. (D.E. 11 at 4).[1] For the reasons discussed further below, the motion (D.E. 11) is **GRANTED IN PART** to the extent she requests an extension to complete service and for an order directing the Clerk of Court to issue summons and **DENIED** to the extent she requests a stay of all other deadlines.

---

[1] Although Heard indicates that opposing counsel for the defendants who have been served is opposed to the motion, the e-mail she attached from counsel does not indicate opposition to the motion. (D.E. 11-2 at 13).

*a.   Procedural Background*

Heard filed her initial complaint in state court on August 9, 2024, against Defendants Richard Lewis, Joann Lewis, Valerie Gulsby, Marcus Matulik, Port Lavaca Plumbing, Port Lavaca Services, LLC, and Port Lavaca Plumbing, LLC. (D.E. 1-1). She alleged two state law causes of action. (*Id.* at 4-6). Defendants Gulsby and Matulik sought and obtained dismissal from the suit with prejudice. (D.E. 1-6 at 13-14, 15-21; D.E. 1-8 at 56).

On August 15, 2025, Heard filed an amended complaint in state court, now suing Richard Lewis (individually, doing business as Port Lavaca Plumbing – a sole proprietorship, and as director of Port Lavaca Services LLC), Marcus Matulik (individually and as a member or owner of Port Lavaca Plumbing LLC), the City of Port Lavaca (the "City"), Port Lavaca Police Chief Colin Rangnow ("Chief Rangnow"), and Port Lavaca Police Detective James Weston Burris ("Detective Burris"). (D.E. 1-8 at 57-65). The amended complaint raised state law claims and a claim under 42 U.S.C. § 1983 for "unlawful seizure after legal process." (*Id.* at 61-62). The allegations in the complaint arise from allegedly false statements given by Lewis, individually and through his businesses, to the Port Lavaca Police Department in August 2023. (*Id.* at 59). Heard later clarified that she had not intended to dismiss any claims from the original petition that had not been dismissed by the state court. (*Id.* at 66-67).

On September 17, 2025, the City, Chief Rangnow, and Detective Burris filed a timely notice of removal under 28 U.S.C. § 1441(a). (D.E. 1). In it, they contended that

Heard's § 1983 claim provided this Court with federal question jurisdiction. (*Id.* at 2). These defendants also contended that they were the only defendants to have been served with the amended complaint. (*Id.*).

After removal, Heard filed a motion to remand. (D.E. 4). On November 25, 2025, the undersigned issued a Memorandum and Recommendation ("M&R") recommending that the motion to remand be denied. (D.E. 7). The M&R remains pending with the District Court.

On December 1, 2025, Heard filed a "Request for Issuance of Alias Summons," directed to the Clerk of the Court. (D.E. 8). She sought issuance of a summons for Richard A. Lewis (individually, doing business as Port Lavaca Plumbing, and as director/officer of Port Lavaca Services, LLC) at an address in Mississippi. (*Id.* at 1-2). In her certificate of service, Heard referred to the filing as a motion. (*Id.* at 2). She attached a copy of the proposed summons. (D.E. 8-1). On December 5, 2025, Heard withdrew the filing, stating that it was intended as a ministerial request for the Clerk of Court, not a motion. (D.E. 10). On the same day, she filed the present motion. (D.E. 11).

   b.  *Discussion*

In her motion, Heard seeks a 60-day extension of time to complete service on Richard A. Lewis, a 60-day stay of all other deadlines and the entry of a scheduling order, and an order directing the Clerk of Court to issue summons as to Defendant Richard A. Lewis. (D.E. 11 at 4). As to service of Lewis, she contends that, although she withdrew D.E. 8 as a motion, the Clerk's Office continues to refuse to issue the proposed summons.

(*Id.* at 2).  As to an extension to complete service, Heard argues that she is currently the sole caregiver for her father, who requires daily assistance, and must also coordinate care for her mother.  (*Id.* at 3).  Heard states that these responsibilities severely constrain her ability to travel or coordinate service.  Further, she argues that she has diligently sought to complete service on Lewis, including conducting research to determine his new address in Mississippi.  (*Id.* at 3-4).

Federal Rule of Civil Procedure 4(m) states: "Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4.  Where a case is removed to federal court, the 90 days runs from the date of removal.  *Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999).  To establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters*, 776 F.2d at 1306 (emphasis omitted).  Additionally, the claimant must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure § 1165, at 480 (2d ed. 1987)); *Sys. Signs Supplies*, 903 F.2d at 1013.

The Fifth Circuit has found that the plain language of Rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). "When a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court must extend time for service. If good cause does not exist, the court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Id.* Even in the absence of good cause, "the plain language of Rule 4(m)" confers the courts with discretionary authority to extend the time for service. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Strebeck v. American Modern Insurance Co.*, 2023 WL 6118537 *4 (W.D. Louisiana Sept. 1, 2023).

Here, as to an extension to complete service under Rule 4(m), Heard had 90 days after the case was removed to complete service on Lewis. *Hunt*, 67 F. Supp. 2d at 684. The case was removed on September 17, 2025, meaning the deadline to complete service was December 16, 2025—the date of this order. The undersigned finds that Heard has shown good cause for an extension based on her diligence in locating Lewis at his new address, the miscommunication with the Clerk's Office regarding whether her December 1, 2025, filing was a motion, and the family medical issues she has presented in her motion. These reasons go beyond "simple inadvertence or mistake of counsel or ignorance of the rules," and Heard has established that she has acted in good faith in attempting to serve Lewis. *Winters*, 776 F.2d at 1306. Further, even if the reasons provided by Heard fail to

meet the standard of good cause, the undersigned would exercise discretion to grant a Rule 4(m) extension. *Thompson*, 91 F.3d at 21.

However, Heard has not shown a need for a 60-day extension. She indicates that she now has Lewis's address, she has already submitted a proposed summons, and her motion indicates that she has been capable of pursuing her case while also addressing her family's medical needs. Accordingly, her motion is **GRANTED in part** to the extent she requests an extension of time to complete service. The time to complete service is extended to 30 days from the date of this order, or **Thursday, January 15, 2026**. Further, although this order extends the time to complete service under Rule 4(m), Heard is cautioned that she remains subject to the applicable statute of limitations for her claims, and the undersigned makes no statement or determination regarding whether the statute of limitations will bar her claims.

To the extent Heard requests a stay of all deadlines for 60 days, her motion is **DENIED**. There are currently no deadlines in this case and no scheduling order has been entered. If Heard requires an extension of a deadline after the entry of the scheduling order, she may request such an extension at that time.

Finally, to the extent that Heard requests that the Clerk of Court be directed to issue the proposed summons she submitted for Lewis, her motion is **GRANTED**. The Clerk of Court is **DIRECTED** to issue the proposed summons docketed at D.E. 8-1.

*c.    Conclusion*

Accordingly, Heard's motion (D.E. 11) is **GRANTED IN PART** to the extent she requests an extension to complete service and for an order directing the Clerk of Court to issue summons and **DENIED** to the extent she requests a stay of all other deadlines. The deadline to complete service is now **Thursday, January 15, 2026**. The Clerk of Court is **DIRECTED** to issue the proposed summons docketed at D.E. 8-1.

ORDERED on December 16, 2025.

_____
Julie K. Hampton
United States Magistrate Judge